UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MARY GENOSKY, *Personal representative*
*of the estate of Michael D. Genosky, Decedent,*

      Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, and AON CORPORATION,

      Defendants.

**ORDER**
Civ. No. 11-2230 (MJD/LIB)

---

John J. Neal, Willenbring, Dahl, Wocken & Zimmermann, PLLC, Counsel for Plaintiff.

David W. Asp and Susan E. Ellingstad, Lockridge Grindal Nauen PLLP, and Mary T. Weber, Sidley Austin LLP, Counsel for Defendant Aon Corporation.

---

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated April 27, 2012 [Docket No. 50], which recommended the dismissal of claims against Defendant Aon Corporation. Plaintiff has filed an objection to the Report and Recommendation. [Docket No. 51.] Plaintiff objects only to the recommendation

that Plaintiff's claim under 29 U.S.C. § 1132(a)(3)(B) be dismissed. Pursuant to statute, the Court has conducted a <u>de novo</u> review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based that review, the Court **ADOPTS** the thorough Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated April 27, 2012.

    The Court agrees with the Magistrate Judge that the question of § 1132(a)(3)(B)'s applicability is controlled by the holding in <u>Pichoff v. QHG of Springdale, Inc.</u>, 556 F.3d 728, 732 (8th Cir. 2009) (holding that compensatory relief is unavailable under 29 U.S.C. § 1132(a)(3)(B)). The Supreme Court's decision in <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. 1866, 1879 (2011), which stated that monetary relief may be available under § 1132(a)(3)(B) when such relief is associated with equitable estoppel, reformation, or surcharge, does not override the holding in <u>Pichoff</u> or otherwise apply here. Here, as in <u>Pichoff</u>, Plaintiff "seeks compensation for the benefits that would have been paid . . . had the policy not lapsed," and "[s]uch relief . . . is compensatory in nature and unavailable under § 1132(a)(3)(B)." <u>Pichoff</u>, 556 F.3d at 732; <u>see also</u> <u>Mertens v. Hewitt Assocs.</u>, 508 U.S. 248, 255 (1993) ("Money damages are, of course, the classic form of *legal* relief.").

The Court further agrees that Plaintiff's claim for equitable relief cannot succeed because it amounts to a repackaged denial of benefits claim.  "[W]here a plaintiff simply characterizes a denial of benefits as a breach of fiduciary duty, equitable relief is not appropriate, because the plaintiff would be able to obtain adequate relief under § 1132(a)(1)(B)."  <u>Kendall v. Int'l Ass'n of Bridge, Structural, and Ornamental Iron Workers</u>, Civ. No. 10-3140 (MJD/JJG), 2011 WL 1363996, at *8 (D. Minn. April 11, 2011).  <u>See</u> <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 514-15 (1996).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated April 27, 2012. [Docket No. 50.]

2. Defendant Aon Corporation's Motion to Dismiss [Docket No. 10] is **GRANTED** and Plaintiff's claims against Defendant Aon Corporation are **DISMISSED** without prejudice.

Dated:  July 24, 2012                     s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court